UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| IN RE: ) ) NORTH AMERICAN ROYALTIES, INC., ) WHELAND HOLDING COMPANY, INC., ) WHELAND MANUFACTURING ) COMPANY, INC., and WHELAND ) FOUNDRY, ) ) *Debtors*. ) _____ ) ) CHATTANOOGA STATE TECHNICAL ) COMMUNITY COLLEGE and THE STATE ) OF TENNESSEE/TENNESSEE BOARD ) OF REGENTS, ) ) *Defendants-Appellants*, ) ) v. ) ) DOUGLAS R. JOHNSON, Trustee, ) ) *Plaintiff-Appellee*. ) | Case No. 1:05-cv-91 Judge Mattice Appeal of Chapter 7 Bankruptcy Case No. 01-17271 Judge Stinnett Adversary Proceeding No. 03-1279 |

## **MEMORANDUM**

Appellants Chattanooga State Technical Community College ("CSTCC") and the State of Tennessee/Tennessee Board of Regents ("Board of Regents") appeal pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001(b) the order of the bankruptcy court, entered on February 2, 2005, denying CSTCC's motion to dismiss for lack of subject matter jurisdiction.

For the reasons stated below, the Court concludes that the bankruptcy court's decision is correct, and it will be **AFFIRMED**. This matter will be **REMANDED** to the bankruptcy court for further proceedings consistent with this order and memorandum.

## I. STANDARD OF REVIEW

In an appeal from a bankruptcy court, the Court must uphold the findings of fact made by the bankruptcy court unless such findings are clearly erroneous. *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir. 2004); Fed. R. Bankr. P. 8013. The Court reviews *de novo* the bankruptcy court's conclusions of law. *Gardner*, 360 F.3d at 557; Fed. R. Bankr. P. 8013. The Court has the authority to affirm, modify, or reverse a judgment or order of the bankruptcy court, and also may remand the case to the bankruptcy court for further proceedings. Fed. R. Bankr. P. 8013.

## II. BACKGROUND

The facts of this case are undisputed. On November 7, 2001, North American Royalties, Inc. ("North American"), along with several other debtors, filed a bankruptcy petition. On October 17, 2003, Douglas Johnson, the bankruptcy trustee for North American, filed a complaint in bankruptcy court against CSTCC to recover alleged preferential transfers. The alleged preferences were tuition payments that North American made to CSTCC within the 90 days before North American's bankruptcy.

Appellant CSTCC filed a motion to dismiss in the bankruptcy court, asserting that the court lacked subject matter jurisdiction based on CSTCC's Eleventh Amendment immunity from suit. On February 2, 2005, the bankruptcy court entered an order denying CSTCC's motion to dismiss. On February 14, 2005, CSTCC and the Board of Regents filed a Notice of Appeal.

## III. ISSUE

On appeal, the issue is whether the appellants are entitled to sovereign immunity, thereby depriving the bankruptcy court of subject matter jurisdiction over the trustee's complaint against CSTCC to recover alleged preferential transfers.

## IV. ANALYSIS

Two sections of the Bankruptcy Code bear directly on this appeal. First, § 547 provides that the trustee in a bankruptcy proceeding "may avoid any transfer of an interest of the debtor in property– . . . (4) made– (A) on or within 90 days before the date of the filing of the petition . . . ." 11 U.S.C. § 547(b). As explained above, Trustee Johnson asserts that some of the tuition payments made by North American to CSTCC fall within the 90-day period described in § 547, and his complaint in bankruptcy court is directed to recovering those amounts from CSTCC.

Second, § 106(a) provides, "Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental entity to the extent set forth in this section with respect to the following: (1) Section[ ] . . . 547 . . . . (2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units. . . ." 11 U.S.C. § 106(a)(1)-(2). Section 106(b) provides that a "governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose." 11 U.S.C. § 106(b).

On appeal, CSTCC and the Board of Regents assert two main arguments. First, they assert that the bankruptcy court does not have jurisdiction over the appellants

-3-

because (A) § 106(a) is an unconstitutional abrogation of their sovereign immunity and (B) neither the appellants nor the State of Tennessee has expressly waived their sovereign immunity. Alternatively, the appellants assert that they did not waive their sovereign immunity by filing a proof of claim under § 106(b) because (X) § 106(b) is an unconstitutional waiver of their sovereign immunity and (Y) even if § 106(b) is constitutional, the claims are not part of the same transaction or occurrence, as required by § 106(b). Thus, the central issue on appeal is whether CSTCC and the Board of Regents are entitled to sovereign immunity under the Eleventh Amendment.

The Eleventh Amendment provides that the "judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. The Eleventh Amendment restricts the exercise of federal judicial power under Article III of the United States Constitution. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Nelson v. Miller*, 170 F.3d 641, 645 (6th Cir. 1999). Each state is a sovereign entity in our federal system, and "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Seminole Tribe*, 517 U.S. at 54 (citations and internal quotations omitted). Thus, a state may be subject to the suit of an individual only if (1) it consents to the suit in unequivocal terms or (2) Congress unequivocally expresses its intent to abrogate the immunity. *Green*, 474 U.S. at 68; *Nelson*, 170 F.3d at 645-46.

CSTCC and the Board of Regents are considered "arms of the state" for Eleventh Amendment purposes and, therefore, generally are entitled to assert the defense of

sovereign immunity. *Kompara v. Bd. of Regents of the State Univ. & Cmty. Coll. Sys. of Tenn.*, 548 F. Supp. 537, 542 (M.D. Tenn. 1982).

Until recently, the binding precedent in the Sixth Circuit regarding § 106(a) and sovereign immunity was *Hood v. Tennessee Student Assistance Corp.*, 319 F.3d 755 (6th Cir. 2003). *Hood* dealt with a hardship discharge from student loans under 11 U.S.C. § 523(a)(8), but it involved the same language from § 106(a) that is at issue in the instant case. *Id.* at 758, 767. The court in *Hood* held that, by adopting the Constitution, which contains the Bankruptcy Clause[1], "the states granted Congress the power to abrogate state sovereign immunity," which power Congress "clearly exercised" by promulgating § 106(a). *Id.* at 767. The bankruptcy court applied *Hood* and concluded that CSTCC and the Board of Regents were not entitled to sovereign immunity in this matter.

On January 23, 2006, however, the Supreme Court issued a new binding precedent regarding § 106(a) and sovereign immunity. In *Central Virginia Community College v. Katz*, the trustee filed a complaint in bankruptcy court to recover alleged preferential transfers made to several institutions of higher education prior to the debtor's bankruptcy filing. 126 S. Ct. 990, 994 (2006). The institutions of higher education filed motions to dismiss based on the institutions' sovereign immunity. *Id.* at 995. Those motions to dismiss were denied by the bankruptcy court, and that denial was affirmed by the district court and by the Sixth Circuit, based on *Hood*. *Id.* The Supreme Court granted certiorari to determine whether Congress's attempt to abrogate state sovereign immunity in § 106(a) is valid. *Id.*

---

[1] U.S. Const. art. I, § 8, cl. 4 ("The Congress shall have Power . . . To establish . . . uniform Laws on the subject of Bankruptcies . . . .").

In its opinion, the Supreme Court recast the issue as follows: the question is not whether Congress abrogated the states' immunity through § 106(a), but whether Congress's determination that states should be amenable to the types of suits listed in § 106(a) is within the power of Congress under the Bankruptcy Clause. *Id.* at 1005. The Supreme Court concluded that Congress's determination is within such power. *Id.* The Court explained that the "States agreed in the plan of the Convention not to assert any sovereign immunity defense they might have had in proceedings brought pursuant to [laws promulgated under the Bankruptcy Clause]. . . ." and that the Bankruptcy Clause "operates free and clear of the State's claim of sovereign immunity." *Id.* at 1002, 1004. In accordance with the power granted it by the states, Congress had a choice when it adopted § 106(a): it could treat states in the same way as other creditors, or it could exempt states from bankruptcy laws. *Id.* at 1005. Congress chose the former, and as a result, states are subject to suit under the various sections of the Bankruptcy Code listed in § 106(a)(1), including § 547. *Id.* The power of Congress to make that choice "arises from the Bankruptcy Clause itself; the relevant 'abrogation' is the one effected in the plan of the Convention, not by statute." *Id.* In other words, the sovereign immunity defense was abrogated by the ratification of the Bankruptcy Clause and not by the promulgation of § 106(a). *Id.*

Thus, the Supreme Court's decision in *Katz* directly addresses the appellants' two arguments regarding § 106(a). First, appellants argue that § 106(a) is an unconstitutional attempt by Congress to abrogate the states' sovereign immunity. The Supreme Court concluded that § 106(a) is constitutional and that the states' sovereign immunity was abrogated not by § 106(a) but by the states' ratification of the Bankruptcy Clause. Second,

appellants argue that neither the State of Tennessee nor the appellants have waived their sovereign immunity. The Supreme Court concluded that, by ratifying the Bankruptcy Clause, the states gave up their right to assert the defense of sovereign immunity in proceedings brought pursuant to laws promulgated by Congress under its Bankruptcy Clause powers.

Applying *Katz* to the instant case, it is clear that the bankruptcy court's refusal to dismiss the trustee's complaint against CSTCC was proper, though for slightly different reasons than relied upon by the bankruptcy court. The bankruptcy court, following *Hood*, concluded that "[s]ection 106(a) constitutionally abrogates the state's sovereign immunity in this lawsuit." *Johnson v. Chattanooga State Technical Cmty. Coll. (In re N. Am. Royalties, Inc.)*, No. 01-17271, slip op. at 3 (E.D. Bankr. Feb. 2, 2005). After *Katz*, the appropriate conclusion is that CSTCC and the Board of Regents are not permitted to assert the defense of sovereign immunity to suits under the sections listed in § 106(a), including § 547, because the State of Tennessee, in ratifying the Bankruptcy Clause, gave up the right to do so. *Katz*, 126 S. Ct. at 1004-05.

Accordingly, the bankruptcy court's decision is correct, and it will be **AFFIRMED**.

Appellants have presented arguments under § 106(b) as alternative bases for the reversal of the bankruptcy court's decision. The Court has determined that the appellants are subject to the trustee's complaint pursuant to § 106(a), and that conclusion would not change even if the Court were to accept the appellants' arguments under § 106(b). Because the Court can decide this appeal without addressing the appellants' alternative arguments, the Court need not, and will not, not address them.

**V.  CONCLUSION**

For the reasons explained above, the bankruptcy court's denial of CSTCC's motion to dismiss will be **AFFIRMED**, and this matter will be **REMANDED** to the bankruptcy court for further proceedings consistent with this order and memorandum.

A separate order will enter.

>     *s/ Harry S. Mattice, Jr.*
>     HARRY S. MATTICE, JR.
>     UNITED STATES DISTRICT JUDGE